**SU–MEI LI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 08–2474–ag.

United States Court of Appeals, Second Circuit.

Sept. 22, 2009.

---

mer Attorney General Michael B. Mukasey as respondent in this case.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Hold-

er Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Thomas V. Massucci, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Ernesto H. Molina, Jr., Senior Litigation Counsel, Vanessa O. Lefort, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, ROBERT D. SACK and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner, Su–Mei Li, a native and citizen of the People's Republic of China, seeks review of the April 22, 2008 order of the BIA affirming the May 25, 2006 decision of Immigration Judge ("IJ") Helen Sichel denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Su–Mei* Li, No. A 78 842 945 (B.I.A. Apr. 22, 2008), *aff'g* No. A 78 842 945 (Immig. Ct. N.Y. City May 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289

(2d Cir.2007). "We review *de novo* questions of law and the application of law to undisputed fact." *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ We find that there are several errors in the IJ's adverse credibility determination. First, the IJ found Li's testimony regarding how frequently he practiced Falun Gong to be "highly inconsistent." Li stated that he practices "[w]henever I have time," which he explained meant when he had a day off work, when he got up in the morning, or before bed. Li explained that he got two days off work each week. The IJ asked whether Li practiced every day, and Li responded that he practiced "probably four, five occasions a week." The IJ then asked about the discrepancy between his testimony that he practices four or five times a week and his earlier testimony that he practices on his days off and only gets two days off a week. Li responded, "When I have a day off and also in the morning. What I meant was whenever I have time." The IJ does not adequately explain why Li's testimony was discrepant as to this point, and a review of the record does not reveal any inconsistency. The record instead demonstrates that the IJ misunderstood the last portion of Li's testimony. Li testified that he practiced Falun Gong "whenever" he had time, which meant when he had a day off, in the morning, or before bed. He did not testify that he *only* practiced on his days off. Moreover, it is clear from the transcript that when Li testified that he practiced "once" he was referring to, as he later explained, that he only participated in a "big event" once—when there was a collective Falun Gong practice to remember the victims of September 11. The IJ erred in finding that Li's testimony about the frequency of his practice was inconsistent.

■ Additionally, the IJ found that Li's testimony that his home was "destroyed" when police came to his home to arrest him was inconsistent with his father's letter, which only stated that the home was "ransacked." Li testified that police destroyed his home and submitted a photograph of authorities standing over a building that was in ruins. The IJ made much of the discrepancy in the words used to describe what happened. We find, however, that under the circumstances, the words "destroyed" and "ransacked" are sufficiently similar that this cannot be considered an inconsistency. Moreover, "[t]he more central an errant finding was to the IJ's adverse credibility determination, ... the less confident we can be that remand would be futile." *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 111 (2d Cir. 2006).

Although there was other evidence to support the IJ's adverse credibility determination, we cannot be confident that upon reconsideration cleansed of the errors identified above, the IJ would have reached the same conclusion. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 401–02 (2d Cir.2005). We therefore GRANT the petition for review, and REMAND the case for proceedings consistent with this opinion.